## HALL et al. v. BOARD OF ADJUSTMENT OF CITY OF McALLEN et al.

### No. 12273.

Court of Civil Appeals of Texas.
San Antonio.

May 2, 1951.

Robert H. Kern, Jr., McAllen, for appellants.

Cox, Patterson & Freeland, Ewers, Cox, Port & Toothaker, and William E. York, all of McAllen, for appellees.

W. O. MURRAY, Justice.

This suit was instituted by Elmer C. Hall and a number of other citizens of the City of McAllen, Hidalgo County, Texas, against George Weiderhold, Henry J. Roelofs and the Board of Adjustment of the City of McAllen, seeking a writ of certiorari to review the action of said Board of Adjustment wherein they granted George Weiderhold and Henry J. Roelofs permission to operate a roller skating rink in a zone in which roller skating rinks were not allowed. George Weiderhold is the owner of certain property in the City of McAllen which has been leased by Henry J. Roelofs for the purpose of operating thereon a roller skating rink. Plaintiffs are owners of nearby property and resident taxpayers of McAllen. Roelofs requested an exception to the zoning ordinance to use said property for the purpose of a roller skating rink. After public hearing the Board of Adjustment granted the requested exception to the zoning ordinance. The minutes of the Board of Adjustment show that this decision was made on October 5, 1950, and on October 6th an entry was made in the minutes of the Board reflecting such action. This suit was instituted on October 31, 1950.

The Board of Adjustment of McAllen was created by city ordinance passed in keeping with Article 1011g, Vernon's Ann. Civ.Stats., which article provides in part, that a petition for certiorari to review any action of a board of adjustment must be presented to a court of record within ten days after the filing of the decision in the office of. the board. Defendants filed a motion to dismiss plaintiffs' petition, alleging that it was not presented within ten days after the decision had been filed in the office of the Board of Adjustment. The court, after hearing evidence, dismissed plaintiffs' petition, from which action Elmer C. Hall and the other plaintiffs have prosecuted this appeal.

The evidence shows without any doubt that the decision of the Board of Adjustment was made on October 5, 1950, and that appellants' petition for a writ of certiorari was not presented to the judge until October 31, 1950, some twenty-six days thereafter. So, if the Board of Adjustment filed its decision in its office more than ten days prior to October 31st, then appellants did not present their petition within time, and the trial court properly dismissed same. The evidence further shows that the Board of Adjustment did not have a regularly elected secretary, but that Bill Patterson, Esq., customarily acted as such secretary. We testified that he so acted on October 5, 1950, when the action complained of was taken by the Board of Adjustment. He wrote the minutes in longhand on yellow paper and placed them in the minute book. On the next day,

October 6th, these minutes were typed into the minute book. Patterson further testified that the Board of Adjustment regularly held its meetings in a room in the McAllen Municipal Building occupied by a Mr. Hill, who was building inspector for the City of McAllen, and that the minute book of the Board of Adjustment was always kept in this office. A certified copy of these minutes was introduced in evidence, signed by Phillip Boeye, Chairman of the Board, H. J. Houser, J. G. Hester and A. A. Guerra, members, and attested by Bill Patterson, Secretary.

Appellants contend that there is no evidence to show when the minutes were filed in the office of the Board of Adjustment or that their suit was not filed within the ten-day period. We overruled this contention. The evidence is sufficient to show that the minutes were written up in longhand on October 5, 1950, the day upon which the decision was made, and that such minutes were typed into the minute book of the Board of Adjustment the following day, October 6th. Appellants should have presented their petition within ten days after October 6th, or not later than October 16th, and therefore the trial court properly dismissed same as being presented too late.

Appellants seem to contend that the minutes did not comply with the requirement of Article 1011g, supra, requiring that the decision be filed by the Board of Adjustment in its office, until such minutes had been read, approved and signed by the chairman, and inasmuch as the evidence does not show when the minutes were read, approved and signed by the chairman there was no showing that their petition was presented too late. We cannot agree with this contention. When the minutes were prepared by the proper officer and spread upon the pages of the minute book they were sufficient to meet the requirements of Article 1011g, supra, whether they had been read and approved by the board and signed by the chairman or not. In King v. Duke, Tex.Civ.App., 31 S.W. 335, 336, the Court said: "None of the objections were well taken. The minutes of the court import verity, and a copy of a judgment appearing in them carries with it the presumption of all facts essential to its validity. It is not necessary that the signature of the judge should be attached to every copy issued by the clerk of judgments appearing in the minutes. The fact that the judgment appears in the minutes is sufficient, and that fact is properly shown by the certificate of their custodian." See also: Crabb v. Uvalde Paving Co., Tex.Com.App., 23 S.W.2d 300; 26 Tex.Jur. 520, § 662.

Appellants further contend that these minutes should have been filed in the office of the city clerk. We cannot agree with this contention. Article 1011g, supra, plainly states that the decision is to be filed in the office of the board and shall thereby become a public record. The Board of Adjustment had no other office, but transacted all of its business in the room of the building inspector, and that was the proper place to keep its public records.

The judgment of the trial court is affirmed.