Luis **FUENTES**, Appellant,

v.

**CITY OF KINGSVILLE**, Appellee.

No. 1841.

Court of Civil Appeals of Texas, Corpus Christi.

April 30, 1981.

Pedro P. Garcia, Corpus Christi, for appellant.

Martin J. Chiuminatto, Jr., Kingsville, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from the judgment of the trial court which granted the City of Kingsville's summary judgment and permanent injunction requiring the defendant, Luis Fuentes, to remove houses that are located on agriculturally zoned property.

The undisputed facts of this case are as follows: On February 6, 1978, the Kingsville City Commission authorized Fuentes to move sixteen substandard houses within the corporate limits of the City of Kingsville to property zoned as an agricultural district. The permission to move these houses onto the property in question was given, subject to proper zoning. The specific requirements were that the Planning & Zoning Commission review the plans of Fuentes, make a recommendation on parking, and report back to the City Commission. Fuentes, in June of 1978, applied to the Planning & Zoning Commission for a rezoning of the property from agricultural use to multiple residences. This request was denied by the City Commission. The Director of the Planning & Zoning Commission then sent a letter to Fuentes, informing him that he was in violation of the zoning ordinance and that the houses must be moved. Fuentes did not comply with this order.

In August of 1978, Fuentes again applied to the Commission for a change in the zoning of the property. This request was once again denied, and a second letter was sent to Fuentes advising him to remove the houses. Fuentes again did not comply with the request of the Commission.

On November 5, 1979, the City filed suit against Fuentes, seeking a permanent injunction and an order which would compel Fuentes to remove the houses from the property. The City filed a motion for summary judgment, and Fuentes filed an answer to the motion. The trial court granted plaintiff's motion for summary judgment, permanently enjoined Fuentes, and further ordered him to remove the houses within 90 days from the date of judgment.

Fuentes contends on appeal that the trial court erred in granting plaintiff's motion for summary judgment because there were fact issues present which precluded the disposition of the case by summary judgment, and that the trial court erred in ordering the houses removed within 90 days because such length of time was unreasonable.

A permanent injunction, unlike a temporary injunction, is reviewed by the appellate court in the same manner as any other appellate case. *Electronic Data Systems Corp. v. Powell,* 524 S.W.2d 393 (Tex. Civ.App.—Dallas 1975, writ ref'd n. r. e.). Therefore, when reviewing the ruling of a trial court which grants a summary judgment and permanent injunction, we follow the general rule that the summary judgment should be affirmed only if the evidence shows that there was no genuine issue as to any material fact and that the moving party must establish his entitlement on the issues expressly presented to the trial court by conclusively proving all of the essential elements of his cause of action as a matter of law. Rule 166–A; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.Sup.1979).

The City's motion for summary judgment sets forth the following specific grounds as their basis for summary judgment: that the property in question lies within the corporate limits of the City of Kingsville; that such property is zoned as an agricultural district; that the houses placed on this property by Fuentes are in violation of the zoning ordinance of the City; that Fuentes had been advised that he was in violation of the zoning ordinance; and that Fuentes has failed to comply with the ordinance and remove the houses.

Attached to the City's motion for summary judgment are the affidavits of Mike Tanner, Director of Planning & Urban Development for the City of Kingsville and Randolph Moravec, City Secretary and Director of Finance for the City of Kingsville. The affidavit of Mr. Tanner states that Fuentes' houses are located within the corporate limits of the City of Kingsville in a section that had been zoned for agricultural purposes.

Certified copies of two letters from the Planning & Zoning Commission to Fuentes were attached to this affidavit. Mr. Moravec's affidavit states that the sections of the City Code which zoned the property in question as an agricultural district had been lawfully enacted. These sections specifically set forth the building regulations and are attached to the affidavit.

■ After carefully reviewing the entire record, we hold that the proof offered by the City was sufficient, as a matter of law, to prove the City's entitlement to a summary judgment on the issues expressly presented to the trial court; i. e., that the property was zoned as an agricultural district and that the defendant's houses that are on the property were in violation of this zoning designation.

■ Next, we review Fuentes' contention that his answer to the motion raised a fact issue which should have precluded the granting of a summary judgment. In order to avoid a summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid the movant's entitlement. Additionally, the non-movant must present summary judgment proof when necessary to establish a fact issue. *Houston v. Clear Creek Basin Authority,* supra.

Fuentes' answer to the motion for summary judgment states that it was the intention of both Fuentes and the City that the houses should remain on the property in question, even though procedural steps would have to be taken through the Planning & Zoning Commission for rezoning. Fuentes contends that the action of the City in refusing to rezone this property was arbitrary and capricious. Fuentes' summary judgment proof consists of the minutes of the City Commissioners' meeting held on February 6, 1978, and the minutes of the meetings held by the Planning & Zoning Commission in June and August of 1978. The minutes of the February 6 meeting reflect that the Commission approved Fuentes' request to move the houses onto the property, but subject to the Planning & Zoning Commission's reviewing the plans and reporting back to the City Commission.

The minutes of the meetings of the Planning & Zoning Commission held in June and August reflect that Fuentes' request for the rezoning of the property was denied. These requests were denied by the Commission on the basis that a change in the zoning requirements would be a disservice to the community by permitting aesthetically unacceptable structures to remain in the neighborhood which would deteriorate and adversely affect surrounding landowners.

■ After a careful review of Fuentes' summary judgment proof, we find that the permission to move the houses onto the property was, at most, conditionally granted on a temporary basis subject to the subsequent approval by the Planning & Zoning Commission. No such approval was granted by the Planning & Zoning Commission. Therefore, Fuentes was in violation of the zoning ordinance.

■ Fuentes also contends in his answer to the motion for summary judgment that the ruling by the Planning & Zoning Commission was arbitrary and capricious. We hold that the summary judgment evidence offered by Fuentes does not establish a fact issue on this point. Pleadings do not constitute summary judgment proof. *Hidalgo v. Sur. Sav. & Loan Ass'n.,* 462 S.W.2d 540 (Tex.Sup.1971). Thus, after having carefully considered Fuentes' summary judgment evidence, we hold that such did not establish a fact issue which would preclude a summary judgment. Fuentes' first point of error is overruled.

■ Fuentes' second point of error that the trial court erred by unreasonably ordering the houses to be moved within 90 days has been considered and is without merit.

Judgment of the trial court is affirmed.

BISSETT, J., not participating.