**CITY OF LUBBOCK, Texas, Appellant,**

v.

**Frank D. BOWNDS, Appellee.**

No. 9287.

Court of Appeals of Texas,
Amarillo.

Sept. 30, 1981.

Rehearing Denied Oct. 26, 1981.

John C. Ross, Jr., City Atty., Susan M. Tom, Angela L. Adams, Susan M. Horton, Asst. City Attys., Lubbock, for appellant.

Sims, Kidd, Hubbert & Wilson, Robert B. Wilson, Lubbock, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

COUNTISS, Associate Justice.

This appeal is from a trial court judgment ordering appellant, the City of Lubbock (hereafter "the City") to grant a zoning variance to appellee Frank D. Bownds (hereafter "Bownds"). Because the trial court's jurisdictional power was not fully activated when it tried the case, we reverse and remand.

Bownds started construction of a carport in front of the garage attached to his home. An employee of the City ordered him to stop work because he had not obtained a building permit. Bownds attempted to obtain a permit from the City but was unable to do so because the proposed carport was in violation of the minimum setback requirements established under the City's zoning ordinance. Bownds then sought a variance from the City's Zoning Board of Adjustment (hereafter "the Board"),[1] but the request for a variance was denied.

Bownds filed a petition in district court in accordance with subsection (j), alleging the illegality of the Board's denial of the variance. When the petition was presented to the trial court it signed an order allowing a writ of certiorari directed to the Board. The writ was never issued.

Thereafter the City filed a general denial, the case was set for trial and the trial court, after hearing three witnesses and viewing various exhibits, rendered the judgment in question, ordering the City to grant Bownds

1. The Board of Adjustment was established by the City in accordance with Article 1011g, Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1979). All references to Art. 1011g hereafter refer to said statute, and references to subsections (a), (j), (k), (*l*) and (m) refer to those subsections of Art. 1011g. The portions of Art. 1011g pertinent to this case are as follows:

(a) Such local legislative body may provide for the appointment of a Board of Adjustment, and in the regulations and restrictions adopted pursuant to the authority of this Act may provide that the said Board of Adjustment may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained.

\* \* \* \* \* \*

(j) Any person or persons, jointly or severally, aggrieved by any decision of the Board of Adjustment, or any taxpayer, or any officer, department, board or bureau of the municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within ten (10) days after the filing of the decision in the office of the Board.

(k) Upon presentation of such petition the court may allow a writ of certiorari directed to the Board of Adjustment to review such decision of the Board of Adjustment and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than ten (10) days and may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the Board and on due cause shown, grant a restraining order.

(*l*) The Board of Adjustment shall not be required to return the original papers acted upon by it, but it shall be sufficient to return certified or sworn copies thereof or of such portions thereof as may be called for by such writ. The return shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified.

(m) If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm wholly or partly, or may modify the decision brought up for review.

a variance from the setback requirements. The City perfected an appeal from the judgment, presenting numerous points of error to this court. We will, however, discuss only points of error 33 and 34. Those points raise a threshold question, the answer to which is dispositive of this appeal. The question is whether the trial court was empowered to act when the writ of certiorari was never issued. We conclude that it was not, for the reasons set out below.

■■■ A review by the judicial branch of a decision of the administrative branch is not a natural or inherent right; it may be granted or withheld at the discretion of the legislative branch.[2] When the legislative branch has authorized a review, the method prescribed for transferring the controversy from the administrative branch to the judicial branch must be strictly followed in order to confer jurisdiction on the reviewing court. *Stanfield v. Texas Department of Public Safety*, 422 S.W.2d 14, 17 (Tex. Civ.App.—Dallas 1967, writ ref'd n. r. e.). The legislature has, in subsection (a), authorized local legislative bodies to create a Board of Adjustment empowered to "make special exceptions to the terms of the [zoning] ordinance ..." The legislature has then, by subsections (j)–(*o*) given jurisdiction to courts of record to review the Board's decision and specified the procedure that must be followed in order to activate that jurisdiction. A person or entity given standing under subsection (j) must, within 10 days after the Board's decision is filed, file a verified petition in a court of record "setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality." Under subsection (k), when the petition is presented to the court, the court "may allow a writ of certiorari directed to the Board of Adjustment to review such decision...." Upon receipt of the writ the Board is required to return certified or sworn copies of the original papers

acted upon by it (or such portions thereof as may be called for by the writ) and "concisely set forth [in verified form] such other facts as may be pertinent and material to show the grounds of the decision appealed from...."

■ After carefully analyzing the foregoing sections, we conclude that the trial court's jurisdiction, under Article 1011g, to review the merits of a case from the Board of Adjustment is not activated until three procedural steps have been taken: (1) the petition has been timely filed; (2) the writ of certiorari has been issued and served on the Board; and (3) the Board has made its return. We reach this conclusion because of the peculiar nature of a writ of certiorari proceeding and the location of the primary jurisdiction of the controversy.

At common law a writ of certiorari was used by a superior court to command judges and officers of an inferior court to certify and return their records or proceedings in a case in order for the superior court to review their action. *Zamora v. Garza*, 117 S.W.2d 165, 166 (Tex.Civ.App.—San Antonio 1938, no writ); *State v. De Silva*, 105 Tex. 95, 100, 145 S.W. 330, 332 (1912). *De Silva* stated, "[I]t is not the office of a common law writ of certiorari to review ministerial acts, but only to correct errors of law apparent on admitted or established facts—never to settle disputed points." 145 S.W. at 333.

■ The common law concept is embodied in Article 1011g. It permits review by a superior tribunal of allegedly illegal actions of an inferior body. The review is not, however, by trial de novo where facts are established. *Board of Adjustment of City of Corpus Christi v. Whitlock*, 442 S.W.2d 437, 439 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.). It is, instead, a review under the substantial evi-

---

2. As with all good rules of law, there is an exception. If the legislative branch fails to provide for, or specifically prohibits, judicial review of the acts of an administrative body, the decisions of the administrative body may still be attacked in court if they violate the state or federal constitutions. *City of Amarillo*

dence rule[3] and the ultimate question is one of law, *i. e.*, whether the inferior body abused its discretion. *Currey v. Kimple*, 577 S.W.2d 508, 512 (Tex.Civ.App.—Texarkana 1978, writ ref'd n. r. e.). Thus, as with the common law writ, the purpose of the review is "to correct errors of law. . . ." The trial court is permitted to receive evidence under subsection (m) but not for the purpose of resolving factual matters. As stated in *City of San Angelo v. Boehme*, 144 Tex. 281, 285, 190 S.W.2d 67, 70 (1945):

> But the evidence taken at the hearing is not to form the sole basis of the court's judgment. By requiring that the return of the board 'shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified', the statute contemplates that the trial court, in passing on the legality of the order of the board, shall consider its verified return along with the evidence introduced, and from a consideration of the whole determine whether or not the board abused its discretion. The court is not to put itself in the position of the board and substitute its discretion for that of the board. In giving the power to take evidence it was clearly not intended to authorize the court to exercise that power just as if it were the board itself.

 Thus, it is apparent that the duty of the trial court in an Article 1011g case is to decide a question of law on the basis of two items: (1) the materials returned by the Board in response to the writ of certiorari, and (2) such testimony as may be received in accordance with subsection (m). It is also apparent that, until the writ is issued and the return filed, there is nothing before the trial court to review.

 The situation is analogous to the requirement in this court that a final judgment must be contained in the record before us. *Marriage of Johnson*, 595 S.W.2d 900, 902 (Tex.Civ.App.—Amarillo 1980, writ ref'd n. r. e.). Primary jurisdiction for cases appealed to this court is in a lower court and this court cannot act in an appellate capacity until the record before us reveals a final disposition by the lower court.[4] Primary jurisdiction for this zoning controversy lies in the Board of Adjustment and the court to which the Board's decision is taken for review cannot know officially that the Board has finally disposed of the matter until the Board has returned the materials in response to the writ. Additionally, because the court of record must test the Board's decision by the substantial evidence rule, it is imperative that the Board furnish in the return, and the reviewing court have before it, "such other facts as may be pertinent and material to show the grounds of the decision appealed from. . . ." Article 1011g(*l*). Otherwise,

---

v. *Hancock*, 150 Tex. 231, 234, 239 S.W.2d 788, 790 (1951).

**3.** The rules applicable to review of the Board's decision were correctly stated as follows in *Currey v. Kimple*, 577 S.W.2d 508, 512 (Tex. Civ.App.—Texarkana 1978, writ ref'd n. r. e.):

'(1) A legal presumption exists in favor of the Board's order, and the burden of proof to establish its illegality rests upon [the party attacking the order];

'(2) The Court, when considering the legality of the Board's order must not put itself in the position of the Board and substitute its findings for that of the Board, even though the Court concludes that the overwhelming preponderance of the evidence is against the Board's decision;

'(3) The question on appeal from the Board's order is whether or not there is any substantial evidence affording reasonable support for the findings and order entered by the Board, such being a question of law and not of fact. If the evidence before the Court, as a whole, is such that reasonable minds could have reached the conclusion that the Board must have reached in order to justify its action, the Board's action must be sustained. . . .'

\* \* \*

The Board of Adjustment is a quasi-judicial body and the district court sits only as a court of review by writ of certiorari pursuant to Article 1011g(k), Tex.Rev.Civ.Stat.Ann. (Supp.1978). . . . The substantial evidence rule is fulfilled if the evidence before the court, as a whole, is such that reasonable minds could have reached the conclusion that the Board must have reached in order to justify its action.

**4.** There are also exceptions to this rule. *See* Tex.R.Civ.P. 385.

the trial court cannot properly conduct a substantial evidence review. *See City of San Angelo v. Boehme*, 144 Tex. 281, 190 S.W.2d 67 (1945).

■ We realize that the City voluntarily appeared and participated in the hearing in the trial court. We do not, however, consider the requirements discussed above to be subject to waiver by the voluntary appearance of the City. The requirements are jurisdictional and, for the reasons discussed, not subject to waiver. *See Marriage of Johnson*, 595 S.W.2d 900 (Tex.Civ.App.—Amarillo 1980, writ ref'd n. r. e.). Points of error 33 and 34 are sustained.

Because the threshold problem discussed above requires remand of the case to the trial court for further proceedings in accordance with this opinion, we do not reach the City's remaining points of error. We observe, however, that the primary thrust of the City's remaining points is directed to the alleged failure of the trial court to decide the case under the proper standard of review. We have set out the substantial evidence rule and the method by which it is to be used and we are confident the trial court will apply it correctly in future proceedings in this case.

The judgment of the trial court is reversed and the case is remanded.

### ON MOTION FOR REHEARING

In his motion for rehearing, Bownds contends the writ of certiorari was in fact issued by the trial court. However, the instrument Bownds denominates as the writ of certiorari is only the order of the trial court granting the application for the writ and directing its issuance. The record before us does not contain the writ of certiorari and there is nothing in the record to suggest that the writ was ever issued. Therefore, for the reasons stated in our original opinion, the trial court was without jurisdiction to try the merits of this controversy.

Bownds also requests assessment of all or part of the costs against the City. He points specifically to a 123 page exhibit introduced by the City and included in the statement of facts. The exhibit contained only a few pages of information pertinent to this case. The record reveals, however, that the City initially offered only the relevant pages and the immaterial pages were placed in evidence at Bownd's request "so the Court can see the various objections of the various other cases that came before the Board."

Rule 448, Tex.R.Civ.P., entitles the appellant City to recover costs upon a reversal unless this court concludes there is good cause to tax the costs in some other manner. Under this record, Bownds has not demonstrated good cause to do so.

We have considered all arguments made in the motion for rehearing. We are not convinced, however, that our original opinion was in error. The motion for rehearing is overruled.