William T. TROTH, Appellant,

v.

CITY OF DALLAS and The Board of Adjustment of the City of Dallas, Appellees.

No. 13–83–191–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 16, 1984.

Second Rehearing Denied March 8, 1984.

Barry R. Knight, Sally Jo Field, Carroll R. Graham, Dallas, for appellees.

Before UTTER, BISSETT and GONZA-LEZ, JJ.

## OPINION ON MOTION FOR REHEARING

UTTER, Justice.

The original opinion of the Court issued on December 29, 1983, is hereby withdrawn and the following opinion is substituted therefor.

This is an appeal from the judgment of the trial court which granted appellees, City of Dallas and Board of Adjustment of the City of Dallas, a summary judgment and a permanent injunction requiring appellant to remove a fence on his property which was allegedly in violation of the zoning ordinances of the City of Dallas.

On November 17, 1981, appellees, City of Dallas and Board of Adjustment of the City of Dallas, filed suit against appellant, seeking a permanent injunction and an order which would compel appellant to remove the chainlink fence structure from the property. The City filed a motion for summary judgment, and appellant filed a response to the motion. The trial court granted the City's motion for summary judgment and permanently enjoined appellant, ordering him to remove the chainlink fence structure from the property.

Appellant contends on appeal that the trial court erred in granting the City's motion for summary judgment because there were fact issues present which precluded the disposition of the case by summary judgment and that the trial court erred in granting the summary judgment because the City's motion for summary judgment was insufficient as a matter of law to support a summary judgment.

The City's motion for summary judgment sets forth the following specific ground as its basis for summary judgment: that the appellant did not appeal the decision of the Board of Adjustment denying the height variance to District Court within ten days

J. Stanley Knight, Dallas, for appellant.

after the filing of the decision in the office of the Board of Adjustment as required by TEX.REV.CIV.STAT.ANN. art. 1011g(j) (Vernon Supp.1982–83). The City's motion, also, stated that it was "based on the pleadings on file, and the affidavits and exhibits attached hereto."

Along with the City's motion for summary judgment, an affidavit of Ray Couch, Chief Zoning Inspector for the City of Dallas, a certified copy of § 51–4.410 of the Dallas Development Code, a certified copy of minutes of the Board of Adjustment and stipulations of fact were filed in support of the City's motion for summary judgment. In his affidavit, Couch stated (1) that he was the Chief Zoning Inspector of the City of Dallas, the authorized representative of the building official of the City of Dallas, who was in charge of enforcing and administering the Dallas Development Code; (2) that William T. Troth was the owner of the subject property located at 6827 Willow Lane, Dallas, Texas; (3) that, pursuant to the issuance of a July 3, 1973 building permit, Troth had constructed four fron tennis courts on said property including four concrete walls which were 23.55 feet in height and, at some unknown time and not in accordance with the building permit, had constructed (on top of the concrete walls) a wire mesh fence which is 7.8 feet in height, making the tennis structure 31.-35 feet in height; (4) that the property was located in a Residential-16,000 square feet (R–16) zoning district, as defined by the Dallas Development Code, and that the tennis structure was in violation of Section 51–4.410 of the Dallas Development Code, which restricts the maximum height of structures to 24 feet in an R–16 zoning district; (5) that, from September 11, 1974 to September 26, 1978, eight citations were issued to Troth for violation of the 24 foot height limitation for which appellant was either found guilty or forfeited bond in Municipal Court on all of the citations issued to him and that appellant subsequently appealed to the Board of Adjustment for a variance from the height restriction; (6) that, on September 26, 1978, the Board of Adjustment denied the height variance but granted appellant a temporary certificate of occupancy for a two year period in order for appellant to obtain the zoning changes necessary for the tennis structure as it then existed and, subsequently, that appellant never obtained the necessary zoning changes to allow the fence to remain on top of the tennis structure; (7) that, on August 11, 1981, appellant again appealed to the Board of Adjustment for height variance to place a six foot clear plastic netting on top of the tennis structure and that the Board denied the height variance because it did not find an unnecessary hardship related to the size, shape, or slope of the property; and, (8) that appellant has refused and continues to refuse to remove the wire fencing atop the tennis structure which constitutes a violation of the height restriction for a R–16 zoning district and that appellant did not appeal the decision of the Board of Adjustment denying the height variance to district court within 10 days after the filing of the decision in the office of the Board as required by Article 1011g(j). Couch's sworn statements were well-supported by the other summary judgment proof (i.e., certified copies and stipulations) that was filed. The certified copy of minutes of the Board of Adjustment reflects that not only did appellant seek a height variance for the chainlink fence atop the tennis structure on September 26, 1978 for which a variance was denied, but that, on August 11, 1981, appellant sought a height variance for the proposed clear plastic netting atop the tennis structure for which a variance was denied. The minutes further reflect that, at the hearing on the application for the proposed clear plastic netting, "the question as to whether the fron tennis courts are a permitted use will also be considered by the Board."

The City's motion for summary judgment and summary judgment proof do not specify from which variance hearing appeal has not been timely made; however, this fact was not controverted by appellant either in the trial court or on appeal.

In his first response to the City's motion for summary judgment, appellant present-

ed to the trial court the following reasons for seeking to avoid movant's entitlement to a summary judgment: (1) that the fence which the subject of this suit is a non-conforming structure and is not an illegal structure; therefore, the City of Dallas is not entitled to a summary judgment as a matter of law; and, (2) "that because defendant's first original answer has shown the plaintiff's motion for summary judgment is untenable plaintiff's motion for summary judgment should be denied." In his second written response to the City's motion for summary judgment, appellant presented to the trial court the following reasons for seeking to avoid movant's entitlement to a summary judgment: (1) that the construction of the subject fence was not a wilful action in violation of the height restrictions of the Dallas zoning ordinances and that Texas case law has clearly held that, unless a zoning violation is wilful, a City is not entitled to an injunction as a matter of law but upon the sound discretion of the trial court; and, (2) that Texas case law has also clearly held that an injunction requiring the removal or destruction of property is to be granted only with extreme care, after a full and complete review of all facts, and that such facts have not been developed by the summary judgment proof before the trial court.

In his first six points of error, appellant asserts the following respective contentions why the trial court erred, abusing its discretion, in granting the City's motion for summary judgment and ordering removal of the chainlink fence: (1) the trial court could not require the removal or destruction of the property for an alleged zoning violation without a full and complete review of all facts of the case, and such facts were not developed in the summary judgment proof before the court; (2) the chainlink fence was a non-conforming structure and not an illegal structure, and the trial court was without legal authority to order the immediate removal of the non-conforming structure; (3) there was no summary judgment proof showing that the construction or maintenance of the chainlink fence was a wilful violation of the zoning ordinances of the City of Dallas; (4) there was

no summary judgment proof showing that the construction or maintenance of the chainlink fence would cause serious injury if not removed; (5) a portion of the chainlink fence was not in violation of the zoning ordinances of the City of Dallas, and the effect of the court's order was to require the appellant to remove a portion of the fence which was, in all things, legal; and, (6) the City's motion for summary judgment was insufficient as a matter of law to support the summary judgment because such motion lacked all of the essential elements required.

As stated in the *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), TEX.R.CIV.P. 166–A now requires that such contentions are to be expressly presented in a written answer and response to the motion, and pleadings are not to be considered in determining whether fact issues are expressly presented in summary judgment motions. The written answer or response to a summary judgment motion must fairly apprise the movant and the court of the fact issues that the non-movant contends should defeat the motion. The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of his action or defense as a matter of law. The summary judgment must stand on its own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. The Texas Supreme Court in *Clear Creek Basin Authority* further wrote:

> With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement, such as those set out in rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue. No longer must the movant negate all possible issues of law and fact that could be raised by the non-movant in the trial court but

were not. (citations omitted) ... [T]he non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assigned them as error on appeal. *Clear Creek Basin Authority* at pp. 678–679.

■ Contrary to appellant's first and last contentions, the ground specified in the City's motion for summary judgment (that appellant did not appeal the decision of the Board of Adjustment denying the height variance to district court within ten days after the filing of the decision in the office of the Board of Adjustment as required by Article 1011g(j); therefore, the City is entitled to a judgment as a matter of law), together with the summary judgment proof presented, was sufficient to support the summary judgment.

■ TEX.REV.CIV.STAT.ANN., art. 1011g(j) (Vernon Supp.1982–83), provides:

(j) Any person or persons, jointly or severally, aggrieved by any decision of the Board of Adjustment, or any taxpayer, or any officer, department, board or bureau of the municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within ten (10) days after the filing of the decision in the office of the Board.

In *City of Lubbock v. Bownds*, 623 S.W.2d 752 (Tex.App. Amarillo 1981, no writ), the Amarillo Court of Civil Appeals stated:

A person or entity given standing under (Article 1011g) subsection (j) must, within 10 days after the Board's decision is filed, file a verified petition in a court of record "setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality." * * *

After carefully analyzing the foregoing sections, we conclude that the trial court's jurisdiction, under Article 1011g, to review the merits of a case from the Board of Adjustment is not activated until three procedural steps have been taken: (1) the petition has been timely filed; (2) the writ of certiorari has been issued and served on the Board; and (3) the Board has made its return. *Bownds* at p. 755.

Absent a timely appeal from the Board of Adjustment's order, the decision of the Board to deny appellant a variance was final since the trial court's jurisdiction, under Article 1011g(j), to review the merits of a case from the Board of Adjustment had not been activated. Appellant failed to appeal the Board's order within the 10 day period. *Bownds* at p. 756; *City of Dallas v. Halbert*, 246 S.W.2d 686 (Tex.Civ.App.—Dallas 1952, writ ref'd n.r.e.); *Hall v. Board of Adjustment of the City of McAllen*, 239 S.W.2d 647 (Tex.Civ.App.—San Antonio 1951, no writ).

In his second through fifth contentions, appellant addresses issues which are not germane to the specified ground in the City's motion for summary judgment upon which the summary judgment was granted. We have reviewed appellant's second through fifth contentions and find them to be without merits. Furthermore, we hold that, through his second, third, fourth and fifth contentions as presented in his responses to the City's motion for summary judgment, appellant did not establish fact issues which would rebut or defeat the City's right to a summary judgment based upon the ground specified in the City's motion for summary judgment. Appellant, in asserting his second through fifth contentions, seemingly ignores the City's specified ground in the City's motion for summary judgment (that appellant did not appeal the decision of the Board of Adjustment denying the height variance to district court within ten days after the filing of the decision in the office of the Board of Adjustment as required by Article 1011g(j); therefore, the City is entitled to a judgment as a matter of law) upon which the summary judgment was granted. *See* TEX.R.CIV.P. 166–A; *Clear Creek Basin Authority* at pp. 678–679.

■ Furthermore, as in *Fuentes v. City of Kingsville*, 616 S.W.2d 679 (Tex.Civ.App.—Corpus Christi 1981, no writ), the summary judgment proof presented in the in-

stant case was sufficient to support a summary judgment granting a permanent injunction. In *Fuentes,* this Court held that, as a matter of law, a summary judgment could be granted based upon the following specified grounds set forth in the motion for summary judgment in a similar zoning action for which summary judgment proof substantiated: (1) that the property lay within the corporate limits of the City of Kingsville; (2) that such property was zoned as an agricultural district; (3) that the houses placed upon this property by Fuentes were in violation of the zoning ordinance of the City; (4) that Fuentes had been advised that he was in violation of the zoning ordinance; and, (5) that Fuentes had failed to comply with ordinance by removing the houses. As in *Fuentes,* the summary judgment proof in the instant case provided similar proof, proving as a matter of law the existence of a zoning violation and the entitlement to a permanent injunction pursuant to TEX.REV.CIV.STAT. ANN. art. 1011h (Vernon 1963).

We overrule all of appellant's six points of error and AFFIRM the judgment of the trial court.