**Charles CROW, Appellant,**

v.

**CITY OF SWEETWATER et al., Appellees.**

**No. 11-86-077-CV.**

Court of Appeals of Texas, Eastland.

July 31, 1986.

Peter F. Sheridan, Wilks & Steakley, Sweetwater, for appellant.

Lance Hall, Charles R. Griggs, Nunn, Griggs, Wetsel & Jones, Sweetwater, for appellees.

OPINION

DICKENSON, Justice.

Brooks-Maberry, Inc. requested a variance in connection with the zoning ordinance of the City of Sweetwater. The variance requested would permit an office for writing insurance from a house in an area zoned for residential purposes. Charles Crow and other property owners appeared at the public hearing before the Sweetwater Board of Adjustment in opposition to this request. The Board granted the request at its public meeting on June 24, 1985, and the decision was filed in the office of the Board on June 25.

Charles Crow filed his petition for writ of certiorari with the district clerk on July 3, and citations were issued that same day to Brooks-Maberry, Inc. and to the City of

Sweetwater, but the petition was not called to the attention of the judge within ten days after the filing of the decision in the office of the Board. The trial court dismissed this cause of action for lack of jurisdiction on March 7, 1986. Charles Crow appeals. We affirm the dismissal.

Appellant briefs three points of error. The second point is dispositive, and the other points need not be discussed. Appellant argues that the trial court erred in concluding that he failed to "present" his petition to the court within ten days after the filing of the decision in the office of the Board.

TEX.REV.CIV.STAT.ANN. art. 1011g (Vernon Pamph.Supp.1986) states in pertinent part:

(j) *Any person* or persons, jointly or severally, *aggrieved by any decision of the Board of Adjustment,* or any taxpayer, or any officer, department, board or bureau of the municipality, *may present to a court of record a petition,* duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. *Such petition shall be presented to the court within ten (10) days after the filing of the decision in the office of the Board.*

(k) *Upon presentation of such petition the court may allow a writ of certiorari* directed to the Board of Adjustment to review such decision of the Board.... (Emphasis added)

Appellees cite *Hall v. Board of Adjustment of City of McAllen,* 239 S.W.2d 647 at 648 (Tex.Civ.App.—San Antonio 1951, no writ), where the appellate court notes: "appellants' petition for a writ of certiorari *was not presented to the judge"* until more than ten days after the Board's decision was filed in its office. (Emphasis added) *Hall* holds that the trial court properly dismissed the petition because appellants "did not present their petition" within the time allowed. *Hall* is factually distinguishable from the case before us because the "suit was instituted" on the same day that the petition was presented to the judge. Our appellant instituted his suit within the

ten-day period, but he failed to present his petition to the court until a later date.

Appellant cites *City of Lubbock v. Bownds,* 623 S.W.2d 752 at 755 (Tex.App.—Amarillo 1981, no writ), where the court said:

[T]he trial court's jurisdiction, under Article 1011g, to review the merits of a case from the Board of Adjustment is not activated until three procedural steps have been taken: (1) the petition has been timely filed; (2) the writ of certiorari has been issued and served on the Board; and (3) the Board has made its return.

In *Bownds* the petition was timely filed and presented to the court. The trial court signed an order allowing a writ of certiorari directed to the Board, but the writ was never issued. Consequently, the trial court's "jurisdictional power was not fully activated when it tried the case," and the cause was remanded for a substantial evidence review after the writ of certiorari was issued and served, based upon the Board's return. See Article 1011g, supra, which states in pertinent part:

(*l*) The Board of Adjustment shall not be required to return the original papers acted upon by it, but it shall be sufficient to return certified or sworn copies thereof or of such portions thereof as may be called for by such writ. The return shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified.

The problem in *Bownds* was not the question of "presentment to the court" as contrasted with "filing with the clerk." In *Bownds* it appears that there was a timely presentment, and the district judge exercised his discretion under Article 1011g(k), supra, by signing an order allowing the writ of certiorari; the problem was in the failure to have the writ issued and served. We modify the rule stated in *Bownds* by stating the three procedural steps which must be taken to invoke the district court's jurisdiction under Article 1011g: (1) the petition must be filed with the court's clerk

or deputy and presented to the judge within ten days after the Board's decision has been filed in the office of the Board of Adjustment; (2) if the court allows a writ of certiorari, it must be issued and served upon the Board of Adjustment; and (3) the Board must have made its return or failed to respond within the time allowed by Article 1011g, supra.

Appellant also cites *Troth v. City of Dallas,* 667 S.W.2d 152 at 156 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). In *Troth* there was no timely appeal from the decision of the Board of Adjustment. The petition was neither filed nor presented to the court within the statutory ten-day period.

It seems clear that the legislature intended to require "presentment" to the judge since the statute contemplates the exercise of judicial discretion. The statute says the court "may" allow a writ of certiorari. This contemplates action by the judge before the writ can issue. In the case before us the clerk issued citations even though the judge had not ruled upon the threshhold question of whether or not the writ of certiorari would be allowed.

In discussing the matter of "presentment" under TEX.R.CIV.P. 330(j) as it read in 1951, *Texas Livestock Marketing Ass'n v. Rogers,* 244 S.W.2d 859 at 862 (Tex.Civ. App.—San Antonio 1951, writ ref'd n.r.e.), the court said:

> By presentment, as used in Rule 330(j), is meant that the appellant has reduced this motion to writing and filed it with the clerk ... and *has called the attention of the trial court to his motion or amended motion and has asked for a ruling on the same.* (Emphasis added)

We hold that the trial court correctly dismissed appellant's petition for writ of certiorari because appellant failed to present his petition to the court within ten days after the Board's decision was filed in the office of the Board. Article 1011g(j), supra.

The judgment of the trial court is affirmed.