Albert W. DAVIS, Rita Davis,
Betty Mills and Edwin N.
Mills, Appellants,

v.

ZONING BOARD OF ADJUSTMENT
OF THE CITY OF LA PORTE,
Appellee.

No. C14–92–00876–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1993.
Rehearing Denied April 22, 1993.

Jack Urquhart, Jack G. Carnegie, Houston, for appellants.

John D. Armstrong, Victor N. Makris, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

ROBERTSON, Justice.

The district court dismissed the petition of Albert W. Davis, Rita Davis, Betty Mills, and Edwin N. Mills, appellants, because they failed to timely invoke the trial court's jurisdiction. Appellants, in three points of error, claim the trial court improperly dismissed their petition. We affirm.

David and Debbie Couch[1], sought a permit to build a 2000 square foot building on their property. A City of La Porte building official initially denied the permit but subsequently issued the permit on September 26, 1989. Appellants appealed the official's decision to the Zoning Board of Adjustment of the City of La Porte, appellee. *See* TEX.LOCAL GOV'T CODE ANN. § 211.010 (Vernon 1988). Appellee denied appellant's appeal on November 7, 1989.

Appellants then sought review of appellee's decision in the district court. Appellants filed their original petition seeking review of appellee's decision on November

10, 1989, and asked the trial court to grant a writ of certiorari directing appellee to send copies of its decision regarding the permits to the court. *See* TEX.LOCAL GOV'T CODE ANN. § 211.011 (Vernon 1988). A hearing was held on December 12, 1989, and the trial court granted the writ, and set bond for issuance of the writ at $100. Appellants failed to have the writ issued.

On October 11, 1991, almost two years after appellants filed their original petition, appellee filed a plea in abatement. Appellee based its plea on the fact that appellants, in their second amended petition, no longer sought issuance of the writ, and having failed to have the writ issued, they had not properly invoked the jurisdiction of the trial court. Appellants attempted to pay the bond and have the writ issued on October 15, 1991. However, this attempt was denied by court personnel because the district clerk of the trial court cancelled the writ because it had become stale.

The trial court denied appellants' motion to have the writ issued on October 16, 1991. Appellants filed a motion for continuance, and it was granted by the trial court on October 18, 1991. On November 11, 1991 the trial court granted appellee's plea in abatement and gave appellants thirty days to amend their petition. On the thirtieth day, appellants filed their third amended petition which once again sought issuance of the writ. On December 13, 1991 appellants requested submission for their Motion for Issuance of the Writ of Certiorari and a hearing was set. The trial court denied appellants' request for writ of certiorari on January 28, 1992.

Then on April 6, 1992, the trial court dismissed appellee, finding appellants did not timely invoke the jurisdiction of the court. The trial court denied appellants' motion to reconsider, and their motion for new trial. The district court's order dismissing appellee also severed appellants' action against appellee from the nuisance claim against the other defendants.

1. Appellants named David and Debbie Couch in their original petition claiming the structure

was a nuisance. That cause of action was severed when the trial court dismissed appellee.

In their first point of error, appellants claim the trial court erred in dismissing appellee because § 211.011 of the Local Government Code providing for appeal does not require service of the writ within any particular amount of time. The order dismissing appellee states "... [appellants] have failed to obtain service of a writ of certiorari and invoke jurisdiction of this Court in the timely fashion contemplated by § 211.011 of the Texas Local Government Code." A trial court has the inherent authority to dismiss a lawsuit for a party's failure to prosecute it with due diligence. *Veterans' Land Board v. Williams,* 543 S.W.2d 89, 90 (Tex.1976) (per curiam). A court has the authority to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority. *Id.* Dismissal of a suit for want of prosecution is within the trial court's judicial discretion, subject to review only upon a clear showing of abuse. *Id.* This discretion can be no less in a situation such as the one before this court, where the party failed to timely invoke the jurisdiction of the trial court.

Appellants sought judicial review of an administrative decision. The method provided by the legislature for transferring a controversy from the administrative branch to the judicial branch must be strictly followed in order to confer jurisdiction on the reviewing court. *City of Lubbock v. Bownds,* 623 S.W.2d 752, 755 (Tex.App.—Amarillo 1981, no writ) (citing *Stanfield v. Texas Dept. of Public Safety,* 422 S.W.2d 14, 17 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.)). Appeal of a board's decision under § 211.011 requires three procedural steps before jurisdiction is conferred on the district court: (1) the petition must be timely filed; (2) the writ of certiorari must be issued and served on the board; and (3) the board must make its return. *City of Lubbock,* 623 S.W.2d at 755 (discussing Art. 1011g of TEX.REV.CIV.STAT.ANN. codified as § 211.011). Appellants failed to have the writ issued, and therefore, failed to invoke the jurisdiction of the trial court.

Appellants argue that even if the issuance of the writ is jurisdictional, § 211.-011 does not require the writ to be issued within any particular time frame. Appellants contend that as long as they met the § 211.011(b) requirement to file their petition within ten days of the appellee's decision, then they have satisfied any time requirements. Even though § 211.011 does not provide a specific time period for service of the writ, we feel appellants' interpretation is much too limited.

When we attempt to interpret the meaning and effect of a code, we are assisted by the provisions of the Code Construction Act. TEX.GOV'T CODE ANN. § 311.-002 (Vernon 1988). We may consider the object sought to be attained, the consequences of a particular construction, and the common law. *Id.* at § 311.023(1), (4) & (5). We must presume that the entire statute is intended to be effective, and that a just and reasonable result is intended. *Id.* at § 311.021(2) & (3). To do this, we must not only look at the provision in question, but we must also look at how it fits into the entire legislative scheme.

A party may not even utilize § 211.011 of the Local Government Code unless it has first brought an appeal to a board of adjustment as provided by § 211.010. *See* TEX.LOCAL GOV'T CODE ANN. § 211.011 (Vernon 1988). Numerous time constraints are found in § 211.010. The appeal must be filed within a reasonable time; the official who made the decision must transmit any papers to the board immediately; the board shall set a reasonable time for the hearing; and the board shall decide the appeal within a reasonable time. *Id.* § 211.010(b) & (d).

Courts have found delays in bringing an appeal to a board ranging from six to fourteen months unreasonable. *See Zoning Bd. of Adjustment v. Graham & Assoc., Inc.,* 664 S.W.2d 430, 435 (Tex.App.—Amarillo 1983, no writ); *Gala Homes, Inc. v. Board of Adjustment,* 405 S.W.2d 165, 167 (Tex.Civ.App.—Austin 1966, writ ref'd n.r.e.). The courts have looked at these delays with disfavor because it places "the holder of the permit and those relying on the permit in the intolerable position of either proceeding at their own risk or de-

laying construction for six months in order to learn whether someone is going to appeal the issuance of the permit." *Zoning Bd. of Adjustment,* 664 S.W.2d at 435. Even when an appeal is brought within a reasonable time, the board must set a hearing within a reasonable time and decide the appeal within a reasonable time because all actions pertaining to the permit are stayed pending the outcome of the appeal. It is clear that the legislature intended the matter to be completed expeditiously so as to not prejudice any of the parties.

■ We cannot think of any reason why the legislature would have different intentions for an appeal of a board's decision to the district court. Indeed, the legislature provided that a party must present its petition for review to the district court within 10 days after the date the decision is filed with the board's office. Tex.Local Gov't Code Ann. § 211.011(b) (Vernon 1988). The statute indicates the legislature did not envision this type of review to evolve into a drawn out court proceeding that would necessitate months to develop. In fact, the court can make its determination without taking testimony, relying only on the information provided by the board. *Id.* at § 211.011(e). Even though an appeal of a board's decision does not stay the proceedings, the party with the permit must still proceed at its own peril.[2] If this type of proceeding is allowed to linger in the courts, a party must decide whether it will proceed with its plans or delay all action until a final decision is reached. It is clear that the legislature understood the need for a quick resolution of zoning matters.

Looking at the facts before us, we find the trial court did not abuse its discretion when it dismissed appellants' appeal of appellee's decision. Appellants did timely present their petition but failed to have the writ issued as required by § 211.011. It was not until the matter was brought to the attention of the trial court, almost two years after the original petition was filed, that appellants attempted to have the writ

issued. The trial court looked at the facts before it, and using its discretion, dismissed appellee because appellants did not timely invoke the jurisdiction of the court. Appellants have failed to show an abuse of discretion.

Appellants argue that there is no jurisdictional time limit to file a writ because other courts in similar situations have remanded the case back or suggested that a remand would be proper so that the writ could be issued. *See Neighborhood Committee on Lead Pollution v. Board of Adjustment of City of Dallas,* 728 S.W.2d 64, 66 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *City of Lubbock,* 623 S.W.2d at 757. In *Neighborhood Committee,* there were two parties contesting the board's decision and one party had served a writ on the board. 728 S.W.2d at 66. The court held that service of the writ by one party establishes jurisdiction for all parties. *Id.* at 66–7. It stated that even if it was not enough to confer jurisdiction, the proper action by the court would be to remand the case for the writ to be served as was done in *City of Lubbock. Id.* at 66. While it is true that in *City of Lubbock* the court remanded the case so that writ could be issued, there was no discussion of how long the proceeding had taken before the trial court made its decision. Neither case makes any mention of the time frame from presentation of the petition to the trial court and the time before the trial court issued its opinion. In the case before us, the record clearly shows that almost two years elapsed before appellants made their first attempt to have the writ of certiorari issued. Neither case precludes a trial court from dismissing a petition because the appealing party failed to timely perfect jurisdiction.

■ Finally, appellants argue that even if there is a time frame in which the writ must be issued, the issue had been waived by appellee. Appellants points to the fact that appellee participated in discovery up until the time it filed its plea in abatement,

---

**2.** In fact, appellants sought injunctive relief but the trial court denied their request for a tempo-   rary injunction on July 10, 1990.

and failed to plead the failure to issue the writ as an affirmative defense. The requirements provided by § 211.011 are jurisdictional and therefore, are not subject to waiver. *City of Lubbock*, 623 S.W.2d at 757. Appellants' first point of error is overruled.

In their second and third points of error, appellants contend the dismissal by the trial court was an impermissible sanction, and that it violated their due process rights and constitutional right of access to the courts. We find these arguments to be without merit. The trial court dismissal was based on appellants' failure to timely perfect jurisdiction. The dismissal was based on the trial court not having jurisdiction to hear the appeal of appellee's decision regarding the building permit. Appellants still have their nuisance claim against the remaining defendants; therefore, their access to the courts has not been precluded. Points of error two and three are overruled.

The order of dismissal of the trial court is affirmed.