NUMBER 13-04-592-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

THE CITY OF CORPUS CHRISTI,                                         Appellant,

 

                                                             v.                                

 

YEHUDA AZOULAY,                                                                       Appellee.

 

      On
appeal from the 105th District Court of Nueces County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza 

                            Memorandum
Opinion by Justice Garza

 

This case involves a writ of certiorari in the district
court from a decision of the Zoning Board of Adjustment (the ABoard@) for the City of Corpus Christi (the ACity@).  See Tex. Loc. Gov't Code Ann. '211.011 (Vernon Supp. 2005-06).  

 

 








I.  Background

Appellee, Yehuda Azoulay, was denied a permit to
construct a three-dimensional shark structure at the entrance of his
business.  The permit was denied by the
City because the structure was determined to be a Asign@ as defined by the City Zoning Ordinance (the Aordinance@) in violation of the B2-A Barrier Island Zoning
Ordinance (the AB2-A@), which restricts the size of signs to 100 square
feet or less.  Appellee appealed the City=s decision to the Board.  The Board affirmed the City=s decision. 
Appellee appealed the Board=s decision to the district court by writ of
certiorari.  See id.  The district court reversed the Board=s decision holding that it was illegal because (1)
the shark structure is not a sign, and (2) even if the shark structure is a
sign, it is not in violation of the applicable zoning ordinance. 

The City and the Board now appeal the district court=s judgment reversing the Board=s decision and ordering the City to issue a building
permit approving the shark structure.  On
appeal, the City and the Board contend that (1) the district court abused its
discretion by substituting its judgment for that of the Board, (2) the district
court erred in admitting substantial new evidence, (3) the district court=s judgment that the decision of the Board is illegal
is not supported by legally or factually sufficient evidence, (4) the district
court=s finding that the shark structure is not a sign is
not supported by legally or factually sufficient evidence, and (5) the district
court=s alternative finding that even if the shark structure
is a sign, it is not in violation of the zoning ordinance was not properly
before the court and is not supported by legally sufficient evidence.  We affirm.

 

 








II.  Application of Zoning Ordinance

In their first, third and fourth issues, appellants
contend that the trial court erred by concluding that the Board=s order is illegal, by holding that the shark
structure is not a sign, and by substituting its judgment for that of the
Board.  We consider appellants= first, third and fourth issues together to
determine whether the trial court abused its discretion in its limited review
of the legality of the Board=s decision.  See
Pearce v. City of Round Rock, 78 S.W.3d 642, 646-47 (Tex. App.BAustin 2002, pet. denied).








Judicial review of the Board=s decisions is governed by section 211.011 of the
Texas Local Government Code.  See Tex. Loc. Gov't Code Ann. ' 211.011(a)‑(c).  We must determine whether the trial court
abused its discretion in reversing the Board. 
City of San Angelo v. Boehme Bakery, 190 S.W.2d 67, 70 (Tex.
1945); Pearce, 78 S.W.3d at 646-47. 
The trial court=s role in these matters is to review the legality of
the Board=s decision.  Boehme
Bakery, 190 S.W.2d at 70.  The
legality of the Board=s decision is a question of law; therefore, in
reviewing the Board=s order, the trial court asks whether, in making its
determination, the Board abused its discretion. 
Id.; Tellez v. City of Socorro, 164 S.W.3d 823, 829 (Tex.
App.BEl Paso 2005, pet. filed); City of Alamo Heights
v. Boyar, 158 S.W.3d 545, 549 (Tex. App.BSan
Antonio 2005, no pet.); Pearce, 78 S.W.3d at 646; Pick‑N‑Pull
Auto Dismantlers v. Zoning Bd. of Adjustment, 45 S.W.3d 337, 340 (Tex. App.BFort Worth 2001, pet. denied).  To find an abuse of discretion, a reviewing
court must conclude that the Board acted without reference to any guiding
principles of law.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  The Board=s
decision is presumed to be legal, and a party attacking it bears the burden of
establishing that the Board clearly abused its discretion.  See Pearce, 78 S.W.3d at 646; see
also Pick‑N‑Pull Auto Dismantlers, 45 S.W.3d at 340.  In determining whether the Board abused its
discretion, the trial court is not to put itself in the position of the Board
and substitute its discretion for that of the Board.  See Boehme Bakery, 190 S.W.2d at 70.  Because a board of adjustment has no
discretion to determine the law, a failure to correctly analyze or apply the
law constitutes an abuse of discretion.  See
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  This Court reviews a trial court=s decision on a question of law de novo.  Tex. Dep=t of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002); Mayhew v. Town
of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

In the present case, the parties dispute the meaning
of a municipal ordinance: 

The term Asign@ shall mean and include every device, structure,
frame, letter, figure, character, mark, plane, point, design, picture, stroke,
stripe, trademark, or reading matter which is used or intended to be used to
attract attention, convey information, identify or advertise any establishment,
product, goods or service when the same is placed out of doors in view of the
general public.  The term >sign= shall not include a similar structure or device
located within a building except illuminated signs within windows.  The term >sign= shall not include the flag or pennant, or insignia
of any nation or association of nations, or of any state, city, or other
political unit, or of any charitable, educational, philanthropic, civic, or
religious organization.

 

Corpus Christi, Tex. Rev.
Ordinances, art. 3-1.55.  








Appellants argue that the shark structure is a sign
because it is used or intended to be used to attract attention, and is placed
out of doors in view of the public. 
Appellants contend that any outdoor structure which is in view of the
public is a Asign@ if it is used or intended to be used to attract
attention.  Appellee concedes that the
shark structure would qualify as a sign under this test, but maintains that the
test, as suggested by appellants, is an erroneous interpretation of the
ordinance.  Appellee contends that, in
order to be a sign as contemplated by the ordinance, the shark structure must,
in addition to attracting attention and being placed out of doors, also be used
or intended to be used to convey information and identify or advertise the
establishment, product, goods, or service. 
Appellee argues the shark structure does not Aconvey information@ and
does not Aidentify or advertise . . . .@  

In construing an ordinance, courts use the same
rules as when construing a statute and seek to discern the intent of the
enacting body.  Bd. of Adjustment of
City of San Antonio v. Wende, 92 S.W.3d 424, 430 (Tex. 2002).  When construing statutes, the plain meaning
of words is to be given effect whenever practicable.  See id.; Quantum Chem. Corp. v. Toennies,
47 S.W.3d 473, 479 (Tex. 2001) ("A basic rule of statutory construction is
that we enforce the plain meaning of an unambiguous statute.").  If words and phrases are not defined by the
enacting body, the courts should apply the ordinary meaning of the words or
phrases.  Monsanto Co. v. Cornerstones
Mun. Util. Dist., 865 S.W.2d 937, 939 (Tex. 1993).  Courts are to read every word, phrase, and
expression as if it were deliberately chosen and presume that words excluded
from the statute were excluded purposefully. 
Gables Realty Ltd. P=ship v. Travis Cent. Appraisal Dist., 81 S.W.3d 869, 873 (Tex. App.BAustin 2002, pet. denied).  We should consider the associated words and
the context in which they appear when construing a phrase within a
statute.  Bridgestone /Firestone, Inc.
v. Glyn-Jones, 878 S.W.2d 132, 133 (Tex. 1994).  








If the meaning of an ordinance is doubtful or
ambiguous, the court should give serious consideration to the construction
given by the body charged with its enforcement or administration.  Texans to Save the Capitol, Inc. v. Bd. of
Adjustment, 647 S.W.2d 773, 776 (Tex. App.BAustin
1983, writ ref=d n.r.e.).  ATexas courts [however,] have universally adopted the
>clear and unambiguous meaning= test,@ under which courts may Ainterpret the ordinance only if the language=s meaning is not clear and plain on the law=s face.  If
the language is clear and plain, the court is bound by the language=s >plain meaning.=@ Id. at 775 n.4; see also Seawell East
Townhomes Ass=n, Inc. v. City of Galveston, 879 S.W.2d 363, 364 (Tex. App.BHouston [14th Dist.] 1994, no writ) (AWhen the words in an ordinance or statute are clear,
the ordinance must be given its literal interpretation.@).  AIn other words, if the disputed phrase is clear and
unambiguous, extrinsic aids and rules of construction are inappropriate and the
ordinance should be given its common meaning.@  City of Austin v. Hyde Park Baptist Church,
152 S.W.3d 162, 166 (Tex. App.BAustin 2004, no pet.).  

The ordinance in this case is unambiguous.  A sign must (1) attract attention; (2) convey
information; (3) identify or advertise any establishment, product, goods, or
services; and (4) be outdoors in view of the general public.   We find nothing in the language of the
ordinance to support the Board=s interpretation that the structure only need
attract attention to constitute a sign. 
The ordinance contemplates a structure meeting all four of the prongs
enumerated above.[1]  No disjunctive component divides the string
of elements used to define the term Asign.@  








Appellants have not met their burden to show that
the trial court abused its discretion in determining that all prongs must be
met and that the Board=s decision was illegal.  We find no error in this conclusion of law and
therefore no abuse of discretion by the trial court.  Accordingly, we overrule appellants= first, third, and fourth issues.

III. Admission
of New Evidence 

In their second issue, appellants contend the
district court erred in admitting new evidence not presented before the
Board.  Specifically, appellants complain
of the inadmissibility of exhibits 7, 9, 11, and 12.  The record reflects that appellants objected
to the complained-of evidence on grounds that the evidence was not part of the
record before the Board and therefore, inadmissible before the trial
court.  The trial court overruled the
objection and admitted the exhibits. 
Section 211.011 provides that Aif at the hearing the court determines that
testimony is necessary for the proper disposition of the matter, it may take
evidence . . . .@  Tex. Loc. Gov't Code Ann. ' 211.011(e). 
Under section 211.011, the trial court was entitled to receive
additional evidence.  See id; see
also Board of Adjustment of Dallas v. Patel, 882 S.W.2d 87, 89 (Tex. App.BAmarillo 1994, writ denied)(stating that in
determining whether the board of adjustment abused its discretion, the district
court can consider the Board's verified return along with evidence introduced
in the trial court); Board of Adjustment of City of Corpus Christi v.
McBride, 676 S.W.2d 705, 706 (Tex. App.BCorpus
Christi 1984, no writ); City of Lubbock v. Bownds, 623 S.W.2d 752, 755‑56
(Tex. App.BAmarillo 1981), overruled on other grounds,
865 S.W.2d 941, 942 (Tex. 1993).[2]  Appellants have not directed our attention to
any case law suggesting otherwise. 
Accordingly, we overrule appellants= second issue.








IV.  District Court=s Alternative Finding

In their fifth issue, appellants assert that the
trial court=s alternative finding (that even if the shark
entrance is a sign, it is not in violation of the applicable zoning ordinance)
concerned a matter that was not properly before the court and is supported by
legally insufficient evidence. Given our disposition of appellants= first, third and fourth issues we need not address
this issue.  Tex. R. App. P. 47.1 

We affirm the judgment of the trial court.  

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 4th day of May, 2006.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 











[1] Although we need not consider
parol evidence, we find the testimony of Barbara Bailey, Director of
Development Services for the City, supportive of our conclusion that the
ordinance contemplates a structure meeting all four prongs.  Bailey testified that the zoning ordinance is
a four-pronged test and if a structure does not meet all four prongs, it does
not come within the meaning of the ordinance.  






[2] However, the reviewing court=s decision may not be based solely
upon the additional evidence.  City of
Lubbock v. Bownds, 623 S.W.2d 752, 756 (Tex. App.BAmarillo 1981), overruled on
other grounds, 865 S.W.2d 941, 942 (Tex. 1993) (quoting City of San
Angelo v. Boehme Bakery, 190 S.W.2d 67, 70 (Tex. 1945)).  Instead, it must review both the materials
returned by the Board in response to the writ of certiorari and the evidence
received under ' 211.011(e).  Id.  Appellants have not raised the contention that
the court=s decision was based solely upon
the additional evidence.