TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00233-CV






Richard Wallace Pearce and Jesse Ray Blann, Appellants



v.



City of Round Rock, Frank Del Castillo, Terry Hagood, Keith Hickman,


Brian Lott, Mark Silla and Joseph Vining, Appellees







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 97-314-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING






 Appellants Richard Wallace Pearce and Jesse Ray Blann (collectively "Pearce")
filed suit in district court against the city of Round Rock (the "City"), the members of the
Development Review Board in their official capacities (the "Board"), (1) and the City's planning
director Joseph Vining ("Vining"), (2) after Vining denied Pearce's request for advertising sign
permits and the Board affirmed Vining's decision. The appellees filed a plea to the jurisdiction
and moved to dismiss the suit on the ground that the Board, as an entity, was an indispensable
party whom Pearce failed to sue. The trial court granted the plea and dismissed the cause of
action. Pearce contends that dismissal was improper because (1) he sufficiently perfected his
appeal by naming as defendants all the Board members in their official capacities, (2) he
sufficiently perfected his appeal by naming the City as a defendant, and (3) he was not statutorily
required to explicitly seek issuance of a writ of certiorari in order to invoke subject matter
jurisdiction. We will reverse the decision of the district court and remand the cause to that court
for further proceedings.


BACKGROUND

 Pearce obtained permits and leases for the erection of nine outdoor advertising signs
within the City's extraterritorial jurisdiction. Pearce had completed construction and had leased
two of the signs when the Round Rock City Council adopted an ordinance extending into its
extraterritorial jurisdiction the City's jurisdiction over outdoor advertising. After the ordinance
was adopted, Vining posted "stop work" orders on all nine signs, asserting violations of the new
ordinance. Pearce applied for permits for the signs, but Vining denied the permits.

 Pursuant to the City's Code of Ordinances, (3) Pearce appealed the denial to the
Board, contending that the signs were grandfathered in under the ordinance. Three of the five
Board members voted to reverse Vining's decision as to seven of Pearce's signs. The reversal
vote failed, however, because the municipal ordinance requires a supermajority (four of five) to
overturn the director's decision. See Round Rock, Tex., Code of Ordinances § 11.324(10). The
Board also affirmed Vining's denial of permits for the remaining two signs.

 On August 7, 1997, prior to the ten-day deadline established by municipal
ordinance, (4) Pearce filed his original petition in district court appealing the decision of the Board. 
In both his original and first amended petitions, Pearce listed as defendants the City, Vining (in
his official capacity as Director of Planning and Community Development), and each of the five
members of the Board (in their respective official capacities as members of the Board). The City,
Vining, and the Board members filed a plea to the jurisdiction and moved to dismiss the suit on
the ground that the Board, as an entity, was an indispensable party whom Pearce failed to sue. 
On October 28, 1997, after the ten-day deadline had passed for filing a petition, Pearce amended
his petition and listed the Board as an additional defendant. On October 29, 1997, the trial court
rendered judgment granting the plea to the jurisdiction and dismissing the cause for lack of
jurisdiction.


DISCUSSION

 Pursuant to the city ordinance and corresponding state statute, Pearce timely filed
a petition challenging the legality of the Board's decision. However, instead of specifically
naming the Board as a defendant, Pearce named as defendants the City and all of the Board
members in their respective official capacities as members of the Board. Therefore, the threshold
issue is whether Pearce sufficiently invoked subject matter jurisdiction by naming the parties as
he did, or whether Pearce was required to name the Board itself as a defendant.

 Once a party files a petition within ten days of a zoning board decision, the court
has subject matter jurisdiction to determine a claim that a board of adjustment acted illegally. 
Davis v. Zoning Bd. Of Adjustment, 865 S.W.2d 941, 942 (Tex. 1993) (referring to Tex. Loc.
Gov't Code § 211.011). Review of a board of adjustment's decision is governed by Local
Government Code section 211.011, which provides:


(a) Any of the following persons may present to a court of record a verified
petition stating that the decision of the board of adjustment is illegal in whole
or in part and specifying the grounds of illegality:


 (1) a person aggrieved by a decision of the board;


 (2) a taxpayer; or


 (3) an officer, department, board or bureau of the municipality.


(b) The petition must be presented within 10 days after the date the decision is
filed in the board's office.



Tex. Loc. Gov't Code Ann. § 211.011 (West 1988). (5)

 Pearce challenged the legality of the Board's decision within the required ten days,
but the appellees contend that Pearce's petition was insufficient to invoke jurisdiction. Neither the
ordinance nor the statute explicitly requires the Board be named as a defendant; both are silent as
to whom must be or can be sued. (6) The appellees rely upon Reynolds v. Haws for their assertion
that the Board itself must be named as a defendant. 741 S.W.2d 582 (Tex. App.--Fort Worth
1987, writ denied). The court in Reynolds affirmed a dismissal where the petition naming the
board of adjustment as a party was not timely filed, holding that the predecessor statute to Texas
Local Government Code section 211.011 intended that the board of adjustment be named. 
Reynolds, 741 S.W.2d at 588. The court explained:


The entire focus of the trial court is upon the action of the Board. It would be
unfair for the court to determine its course of action about the Board or its
decision, if the Board was not a party-defendant to the action before the court, with
the opportunity to participate in the trial.



Id.

 We initially note that when a trial court order dismisses a cause for want of
jurisdiction, Texas appellate courts construe the pleadings in favor of the plaintiff and look to the
pleader's intent. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993). Pearce contends that naming as defendants all of the Board members in their official
capacities as members of the Board was equivalent to naming the Board as an entity. He contends
that the Board is nothing more than the sum of its members, working in their official capacities. 
Thus, he argues that by naming all of the Board members as defendants, he put the Board, as an
entity, on notice of the suit and sufficiently invoked subject matter jurisdiction and perfected his
appeal. We agree.

 Pearce relies upon a line of cases holding that actions against officials in their
official capacities effectively are actions against the governmental entity of which the officials are
employees or agents. See Reyna v. City of Weslaco, 944 S.W.2d 657, 661 (Tex. App.--Corpus
Christi 1997, no writ); City of Hempstead v. Kmiec, 902 S.W.2d 118, 122 (Tex. App.--Houston
[1st Dist.] 1995, no writ). Pearce contends that suits against officials in their official capacities
are effectively suits against the offices they hold.

 The appellees respond that naming members of an entity as defendants is not
equivalent to naming the entity itself as a defendant. See Scott v. Graham, 292 S.W.2d 324, 327
(Tex. 1956) (county not made party to suit by naming county commissioners and other county
officials as parties); Gonzales v. Gutierrez, 694 S.W.2d 384, 389 (Tex. App.--San Antonio 1985,
no writ) (city not made party to suit by naming mayor in his official capacity as defendant). 
However, these cases are distinguishable because the plaintiffs involved did not sue all members
of the entity. A county is more than its commissioners; a city is more than its mayor. Counties
and cities have functions beyond those carried out by commissioners or mayors. A board of
adjustment, however, is no more than its members acting in their official capacities. The Board
has no power independent of its five members and can only act through those members' votes and
actions. Therefore, when Pearce challenged a decision made by the five Board members acting
in their official capacities as a single unit, he challenged the Board's decision. When Pearce gave
notice of his appeal to all of the Board members in their official capacities as Board members, he
in effect gave constructive notice to the Board. Even without naming the Board as an entity,
Pearce gave the Board an opportunity to participate in the trial and respond to the case in the same
manner in which it conducts all of its actions--through its members in their official capacities.

 Thus, while naming as defendants one or some of the representatives of an entity
may not be equivalent to naming the entity itself, naming all of the members of an entity, in their
official capacities, is sufficient to invoke subject matter jurisdiction in this case. Therefore, we
conclude that Pearce sufficiently invoked subject matter jurisdiction and perfected his appeal.

 Additionally, even if the Board, as an entity, were an indispensable party that had
to be specifically named, failure to name an indispensable party is usually cured by amendment. 
Scott, 292 S.W.2d at 327 (where county commissioners named in original petition but county itself
deemed necessary and indispensable party, petitioner could "amend at any time to make the county
a party"). While an incurable defect should be challenged by a plea to the jurisdiction, a pleading
defect that can be cured by amendment should be challenged by a special exception so that the
plaintiff has an opportunity to amend. See Washington v. Fort Bend Indep. Sch. Dist., 892
S.W.2d 156, 159 (Tex. App.--Houston [14th Dist.] 1994, writ denied). In his second amended
petition, filed prior to the dismissal, Pearce named the Board itself as a defendant. Given that the
statute and the ordinance are silent as to who must be named in the original petition, it is not a
fatal defect that this amendment of the parties occurred after the ten-day deadline for filing an
original petition. Pearce should have been allowed to amend his petition to include the Board as
a party. We sustain Pearce's second point of error.


CONCLUSION


 Having concluded that Pearce perfected his appeal and thus properly invoked
subject matter jurisdiction of the district court, we reverse the district court's order granting the
plea to the jurisdiction and motion to dismiss, and we remand the cause for further proceedings
not inconsistent with this opinion.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Powers*

Reversed and Remanded

Filed: May 6, 1999

Publish









* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. In the City's municipal structure, "Development Review Board" is the name used to refer
to its board of adjustment, which hears appeals of decisions made by the zoning administrator. 
Although the state statute refers to a Board of Adjustment and the city ordinance refers to the
Development Review Board, the entities are the same, and the language of the statute and
ordinance are virtually identical. See Tex. Loc. Gov't Code Ann. § 211.011 (West 1988); Round
Rock, Tex., Code of Ordinances § 11.324. In the interest of clarity, we will hereinafter refer to
the Development Review Board as the "Board."
2. We will refer to the appellees collectively as "appellees" where convenient and individually
as designated where necessary.
3. See Round Rock, Tex., Code of Ordinances § 11.324(5).
4. The municipal ordinance provides:


Any person or persons, jointly or severally aggrieved by any decision of the board,
or any taxpayer, or any officer, department board or bureau of the municipality, may
present to a court of record a petition, duly verified, setting forth that such decision
is illegal, in whole or in part, specifying the grounds of illegality. Such petition shall
be presented to the court within ten (10) days after the filing of the decision in the
office of the Board.


Round Rock, Tex., Code of Ordinances § 11.324(14); see also Tex. Loc. Gov't Code Ann.
§ 211.011(b) (West 1988) (emphasis added).
5. The Round Rock ordinance at issue tracks the language of the statute; both require that a
petition be presented to the court within ten (10) days of the Board's decision. See Round Rock,
Tex., Code of Ordinances § 11.324(14).
6. See Round Rock, Tex., Code of Ordinances § 11.324(14); Tex. Loc. Gov't Code Ann.
§ 211.011.



embers of an entity, in their
official capacities, is sufficient to invoke subject matter jurisdiction in this case. Therefore, we
conclude that Pearce sufficiently invoked subject matter jurisdiction and perfected his appeal.

 Additionally, even if the Board, as an entity, were an indispensable party that had
to be specifically named, failure to name an indispensable party is usually cured by amendment. 
Scott, 292 S.W.2d at 327 (where county commissioners named in original petition but county itself
deemed necessary and indispensable party, petitioner could "amend at any time to make the county
a party"). While an incurable defect should be challenged by a plea to the jurisdiction, a pleading
defect that can be cured by amendment should be challenged by a special exception so that the
plaintiff has an opportunity to amend. See Washington v. Fort Bend Indep. Sch. Dist., 892
S.W.2d 156, 159 (Tex. App.--Houston [14th Dist.] 1994, writ denied). In his second amended
petition, filed prior to the dismissal, Pearce named the Board itself as a defendant. Given that the
statute and the ordinance are silent as to who must be named in the original petition, it is not a
fatal defect that this amendment of the parties occurred after the ten-day deadline for filing an
original petition. Pearce should have been allowed to amend his petition to include the Board as
a party. We sustain Pearce's second point of error.


CONCLUSION


 Having concluded that Pearce perfected his appeal and thus properly invoked
subject matter jurisdiction of the district court, we reverse the district court's order granting the
plea to the jurisdiction and motion to dismiss, and we remand the cause for further proceedings
not inconsistent with this opinion.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Powers*

Reversed and Remanded

Filed: May 6, 1999

Publish









* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. In the City's municipal structure, "Development Review Board" is the name used to refer
to its board of adjustment, which hears appeals of decisions made by the zoning administrator. 
Although the state statute refers to a Board of Adjustment and the city ordinance refers to the
Development Review Board, the entities are the same, and the language of the statute and
ordinance are virtually identical. See Tex. Loc. Gov't Code Ann. § 211.011 (West 1988); Round
Rock, Tex., Code of Ordinances § 11.324. In the interest of clarity, we will hereinafter refer to
the Development Review Board as the "Board."
2. We will refer to the appellees collectively