**Juan Manuel TELLEZ, Appellant,**

v.

**CITY OF SOCORRO, Appellee.**

No. 08–03–00294–CV.

Court of Appeals of Texas,
El Paso.

May 19, 2005.

Rehearing Overruled June 22, 2005.

825

Justo Fernandez–Gonzalez, El Paso, for Appellant.

Richard Contreras, El Paso, for Appellee.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and ABLES *, JJ.

* ABLES, J., sitting by assignment.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's affirmance of the finding of the Zoning Board of Adjustment of the City of Socorro, Texas, ("ZBA") denying Appellant's request to declare property owned by Appellant as legal non-conforming. After receiving a Notice of Violation from the City of Socorro, Texas ("Socorro"), Appellant completed the administrative appellate process which culminated with a hearing before the ZBA which denied Appellant's request that his property be declared legal non-conforming for zoning purposes. Appellant filed a Petition for Writ of Certiorari and Declaratory Relief seeking review of the ZBA's decision. After a non-jury proceeding, the trial court affirmed the ZBA's decision. Findings of Fact and Conclusions of Law were filed by the trial court. Appellant filed a Notice of Appeal.

We note that Appellant filed his Petition for Writ of Certiorari and Declaratory Relief on July 3, 2002 in response to a hearing held June 27, 2002 by the ZBA. He contends that at that hearing, the ZBA denied his request that it issue a finding that his property be declared legal non-conforming. Significantly, we note that Appellant sued only the City of Socorro as a defendant in this case. By way of response, the City of Socorro filed a general denial.

## I. SUBJECT MATTER JURISDICTION

■ Judicial review of a Zoning Board of Adjustment's decision is governed by the provisions of Local Government Code Section 211.011. The legislature has expressly provided a means for challenging an action taken by a city's zoning board of adjustment. See Tex. Loc. Gov't Code Ann. § 211.011 (Vernon Supp. 2004–05). This statute provides that a person aggrieved by a zoning board's action may, within ten days after the board's decision is filed, petition a court of record for a writ of certiorari. The only issue for determination in a writ of certiorari proceeding is the legality of the board's order. See, e.g., Board of Adjustment of City of Corpus Christi v. Flores, 860 S.W.2d 622, 625 (Tex.App.-Corpus Christi 1993, writ denied). The board's order carries the presumption of legality, and a party attacking it bears the burden of establishing its illegality. The appropriate standard of review is whether the board of adjustment has abused its discretion, i.e., whether it has acted without reference to guiding rules and principles or whether it has acted arbitrarily and unreasonably. Id. at 626, citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985). The decision of a board of adjustment is reversible only if the facts are such that the board could have reached but one decision. Flores, 860 S.W.2d at 626, citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992). West Texas Water Refiners, Inc. v. S & B Beverage Co., Inc., 915 S.W.2d 623, 626 (Tex.App.-El Paso 1996, no writ).

■ We note that the procedure provided for under the Local Government Code is highly technical and very specific as to the procedure which should be followed by the trial court. We also recognize that the purpose of the procedure is review of the decision of the City's Zoning Board of Adjustment. It is elementary that the Zoning Board of Adjustment must be a party to the proceedings. Because Appellant sued only the City of Socorro as "defendant" below, we raise, sua sponte, the threshold issue of whether Appellant sufficiently invoked subject matter jurisdiction by not naming the ZBA as a party to the proceedings.

■ Once a party files a petition within ten days of a zoning board decision, the court has subject matter jurisdiction to determine a claim that a board of adjustment acted illegally. *Davis v. Zoning Bd. of Adjustment,* 865 S.W.2d 941, 942 (Tex. 1993) (referring to Tex. Loc. Gov't Code Ann. § 211.011). Review of a board of adjustment's decision is governed by Local Government Code Section 211.011, which provides:

(a) Any of the following persons may present to a district court, county court, or county court at law a verified petition stating that the decision of the board of adjustment is illegal in whole or in part and specifying the grounds of the illegality:

(1) a person aggrieved by a decision of the board;

(2) a taxpayer; or

(3) an officer, department, board, or bureau of the municipality.

(b) The petition must be presented within 10 days after the date the decision is filed in the board's office.

Tex. Loc. Gov't Code Ann. § 211.011(a)(b) (Vernon Supp.2004–05).

Appellant filed a petition appealing the legality of the ZBA's decision within the required ten days, but we note that Appellant sued only the City of Socorro. Further, Appellant did not describe the illegality of any decision made by the ZBA. Neither the ordinance nor the statute explicitly requires the board be named as a defendant; both are silent as to whom must be or can be sued. We have found only two cases that discuss the issue of whether the Zoning Board of Adjustment must be named as a necessary party to the lawsuit. *Reynolds v. Haws,* a case filed under the predecessor to the current Local Government Code, held that the board itself must be named as a defendant. *Reynolds v. Haws,* 741 S.W.2d 582 (Tex.App.-

Fort Worth 1987, writ denied). The court in *Reynolds* affirmed a dismissal where the petition naming the board of adjustment as a party was not timely filed, holding that the predecessor statute to Texas Local Government Code Section 211.011 intended that the board of adjustment be named. *Reynolds,* 741 S.W.2d at 588. The court explained:

The entire focus of the trial court is upon the action of the Board. It would be unfair for the court to determine its course of action about the Board or its decision, if the Board was not a party-defendant to the action before the court, with the opportunity to participate in the trial. *Id.*

*Pearce v. City of Round Rock,* 992 S.W.2d 668, 670–71 (Tex.App.-Austin 1999, pet. denied) also discusses the issue of necessary parties to the action but is distinguishable from our case on the facts. In *Pearce,* the appellants sued the City of Round Rock in addition to naming the members of the City's Development Review Board in their official capacities, and the City planning director. At issue was the granting of the defendant's Plea to the Jurisdiction granted by the trial court for the reason that the City's Development Review Board had not been named as a party. Recognizing that Pearce had in fact sued all the members of the board in their official capacities, the appellate court held that subject matter jurisdiction had been properly invoked. That is not the case before us.

The *Pearce* court recognized that critical to its determination that jurisdiction of the court was invoked, was that the plaintiff had sued all the members of the entity by name in their official capacity. The court recognized that a board of adjustment cannot act except through its members acting in their official capacities and has no power independent of its members and can only

act through those members' votes and actions. We agree with the *Pearce* court that while naming as defendants one or some of the representatives of an entity may not be equivalent to naming the entity itself, naming all of the members of an entity, in their official capacities, is sufficient to invoke subject matter jurisdiction. In this case, Appellant sued only the City of Socorro and did not sue the ZBA as an entity and did not include any of the members of the ZBA by name. The failure to do so deprives the trial court of jurisdiction to consider the matter, and therefore, we are without jurisdiction as well.

■ This Court is obligated to determine, *sua sponte*, its jurisdiction to hear an appeal. *Guest v. Dixon*, 153 S.W.3d 466, 467 (Tex.App.-Amarillo 2004, pet. filed); *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.-Amarillo 1994, writ denied).

■ Subject matter jurisdiction is fundamental error and may be raised for the first time on appeal. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 893 (Tex.1986); *see Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993); *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex.App.-Dallas 1994, writ denied). We must inquire into our own jurisdiction, even if it is necessary to do so *sua sponte*. *Dallas County Appraisal Dist.*, 887 S.W.2d at 468; *White v. Schiwetz*, 793 S.W.2d 278, 281 (Tex.App.-Corpus Christi 1990, no writ). Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken. *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 938 (1958); *Dallas County Appraisal Dist.*, 887 S.W.2d at 468.

■ If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause. *Dallas County Appraisal Dist.*, 887 S.W.2d at 468; *see State ex rel. Kelly v. Baker*, 580 S.W.2d 611, 612–13 (Tex.Civ.App.-Amarillo 1979, no writ); *see also Fulton v. Finch*, 162 Tex. 351, 356, 346 S.W.2d 823, 827 (1961). Thus, on our own motion, we address the issue of jurisdiction. Our standard for reviewing subject matter jurisdiction requires the pleader to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Dallas County Appraisal Dist.*, 887 S.W.2d at 469; *Texas Ass'n of Business*, 852 S.W.2d at 446. When reviewing subject matter jurisdiction *sua sponte*, we must construe the petition in favor of the pleader, and if necessary, review the entire record to determine if any evidence supports jurisdiction. *Dallas County Appraisal Dist.*, 887 S.W.2d at 469.

## II. *PROCEEDINGS BELOW*

Turning to the record before us, we note that while Appellant attempted to pursue an appeal from the decision of the ZBA pursuant to the provisions of the Local Government Code, via the filing of a Petition for Writ of Certiorari, there the process became deficient. After filing suit naming and serving the City of Socorro with the Petition, the City responded only with a general denial by way of answer. The actual Writ of Certiorari was not issued by the trial court, and not served upon the Board. Further, no return of the Writ was accomplished.

The parties then engaged in paper discovery and proceeded to participate in a non-jury trial, during which, the trial court heard evidence on the issue of whether the ZBA should have found Appellant's property to be legal non-conforming. Though neither party clarified the appropriate pro-

cedure to be followed,[1] the proceedings in no way complied with the requirements of Local Government Code Section 211.011. The trial court heard evidence from several witnesses and ultimately affirmed the ruling of the ZBA. We hold that the trial court did not have jurisdiction to decide whether the actions of the ZBA should be affirmed because its jurisdiction had not been properly invoked. While we recognize that the trial court applied the appropriate standard of review in reaching its determination on the merits and while the Local Government Code provides that the trial court may conduct an evidentiary hearing or take evidence, the process to be followed is governed by the statute.

■ We also note, upon review of the Petition for Writ of Certiorari filed by Appellant, that the Petition is deficient on its face in that it wholly fails to state that the decision of the Board of Adjustment was illegal, in whole or in part, and it did not specify the illegality of any decision. The minimal pleading requirements established by Section 211.011 are mandatory and were not met by Appellant. Further, the fact that the board must be a party in order to allow for judicial review of its order requires dismissal of this case for want of jurisdiction.

We recognize that the Local Government Code is unique in providing for review of the administrative determination of a quasi-judicial body such as a zoning board of adjustment by a trial court. In light of its specific conditions, we recognize that the legislature has limited the review available. Judicial review of the Board's decisions is governed by Section 211.011 of the Texas Local Government Code and the

procedure to be followed and the scope of review is delineated therein. *See* Tex. Loc. Gov't Code Ann. § 211.011 (Vernon Supp.2004–05). Review under Section 211.011 "differs from the majority of Texas statutes prescribing the procedure for the review of orders of administrative bodies [boards]." *Board of Adjustment v. Stovall,* 147 Tex. 366, 216 S.W.2d 171, 172 (1949); *Pearce v. City of Round Rock,* 78 S.W.3d 642, 646 (Tex.App.-Austin 2002, pet. denied).

■ The review of a board's decision is accomplished by request for the issuance of a Writ of Certiorari. Tex. Loc. Gov't Code Ann. § 211.011(a)-(c) (Vernon Supp.2004–05). Certiorari is a procedural mechanism by which a reviewing court can "demand of an inferior court or body that it send up the record of the proceedings in the matter under review in order that the legality thereof might be tested to determine whether the lower court or body had acted within its proper jurisdiction." *City of San Angelo v. Boehme Bakery,* 144 Tex. 281, 190 S.W.2d 67, 69 (1945); *Pearce,* 78 S.W.3d at 646 n. 6. The only question before the trial court is the legality of the board's order. *Boehme Bakery,* 190 S.W.2d at 70; *Pearce,* 78 S.W.3d at 646. Because the legality of the board's order is a question of law, in reviewing its order, the trial court should not ask whether there is substantial evidence to support the board's decision; rather, it asks whether, in making its determination, the board abused its discretion. *See Nu–Way Emulsions, Inc. v. City of Dalworthington Gardens,* 617 S.W.2d 188, 189 (Tex.1981); *Boehme Bakery,* 190 S.W.2d at 70; *Pearce,* 78 S.W.3d at 646. To find an abuse of

---

1. We note that the City Attorney for the City of Socorro attempted to assert an objection to the proceedings during opening statement of the non-jury trial. He complained that the court had not issued a writ to the City while

conceding that he had not noticed the failure earlier because he was a new city attorney. The Court "overruled" the "writ objection." The trial court continued to conduct a non-jury trial on the merits.

discretion, a reviewing court must conclude that the board acted without reference to any guiding rules or principles of law. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Pearce,* 78 S.W.3d at 646. The board's decision is presumed to be legal, and a party attacking it bears the burden of establishing that the board clearly abused its discretion. *Pearce,* 78 S.W.3d at 646; *see Pick–N–Pull Auto Dismantlers v. Zoning Bd. of Adjustment,* 45 S.W.3d 337, 340 (Tex.App.-Fort Worth 2001, pet. denied).

■▬▬▬ In determining whether the board abused its discretion, the reviewing court may not put itself in the position of the board and substitute its wisdom, judgment, and discretion for that of the board. *Boehme Bakery,* 190 S.W.2d at 70; *Pearce,* 78 S.W.3d at 646. Although this is an appellate review of an agency's action, we do not employ the substantial evidence standard of review in reviewing decisions by the Board of Adjustment. *Pearce,* 78 S.W.3d at 646; *Texans to Save the Capitol v. Board of Adjustment,* 647 S.W.2d 773, 777 (Tex.App.-Austin 1983, writ ref'd n.r.e.). Instead, we ask only whether the board correctly analyzed and applied the ordinance in question. *Pearce,* 78 S.W.3d at 646. Because a board of adjustment has no discretion to determine the law, a failure to correctly analyze or apply the law constitutes an abuse of discretion. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992); *Boehme Bakery,* 190 S.W.2d at 70; *Pearce,* 78 S.W.3d at 646. Thus, appellate review of this quasi-administrative appeal is limited to whether the trial court abused its discretion in its limited review of the legality of the board's decision. *See Pearce,* 78 S.W.3d at 646–47.

Because in this case we have found that there is no subject matter jurisdiction with the trial court, we *sua sponte* dismiss this appeal for lack of subject matter jurisdiction, and further hold that the trial court lacked jurisdiction to issue a decision in the case below. Where the trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the cause. *Dallas County Appraisal Dist.,* 887 S.W.2d at 470. Accordingly, we set aside the trial court's judgment and dismiss the cause and do not reach Appellant's issue on appeal.