02-10-465-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00465-CV

 

 


 
 
 McClennon Cook
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Robin M. Mountain and Texas Department of
 Insurance, Division of Worker’s Compensation
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 17th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

          In
five issues, Appellant McClennon Cook, appearing pro se, appeals the dismissal
of his claims related to an on-the-job injury.  His first four issues address
the sufficiency of evidence presented in the administrative hearing on his worker’s
compensation claim, and the fifth addresses the dismissal by the trial court of
cause number 017-239433-09 for want of prosecution.  Based on our review of the
record, we do not reach any of these issues, and we affirm the dismissal of his
case.

II. 
Discussion

          On
May 15, 2009, the appeals panel of the Department of Insurance, Division of
Worker’s Compensation (the Division) filed its decision upholding the hearing
officer’s decision and order denying Cook’s August 4, 2006 worker’s
compensation claim.

          On
August 7, 2009, Cook filed a petition for writ of mandamus against “Robin M.
Mountain et al Greyhound Line Inc.,” asking the trial court to compel the
parties to respond and asserting that on June 5, 2009, he filed his original
petition in the trial court regarding the appeals panel decision.[2]
 Cook specifically complained that “opposing party Robin M. Mountain has failed
to file any response in this cause of action,” and he asked that mandamus
relief be granted to compel Mountain to answer.[3]

          Cook
attached a copy of the hearing officer’s decision and order to one of his
appellate filings.  Under the order finding that the insurance company was not
liable for benefits, the document contains the following information:

The true corporate
name of the insurance carrier is ACE AMERICAN INSURANCE COMPANY and the name
and address of its registered agent for service of process is

 

ROBIN
M. MOUNTAIN

6600
CAMPUS CIRCLE DRIVE EAST, SUITE 300

IRVING, TEXAS 75063

Referencing
the same document, Mountain argues that he is not a proper party to the
underlying district court litigation or this appeal.

          Cook
states the following in his reply to Mountain’s argument:  “Appellant Cook
asserts that the DWC Decision and Order Page-(4) of the order designates the
true corporate name of the insurance carrier is Ace American Insurance Company
and the name of it’s [sic] ‘Registered Agent for service of process is Robin M.
Mountain.’”  Therefore, Cook argues, Mountain is the proper party to
this suit.

          Cook
is incorrect.  Mountain is merely the registered agent listed for the proper
party—the insurance company.  Cook did not sue the insurance company in this
lawsuit.[4]

          Labor
code section 406.031 states that “[a]n insurance carrier is liable for
compensation for an employee’s injury” if at the time of the injury, the
employee is subject to “this subtitle”—addressing the coverage requirements
under worker’s compensation—and the injury arises out of and in the course and
scope of employment.  See Tex. Lab. Code Ann. § 406.031 (West 2006) (emphasis
added).  That is, the employee and the insurance carrier are the only parties
with an interest in the outcome of litigation following the exhaustion of
administrative remedies in a worker’s compensation case.  See Johnson
v. United Parcel Serv., 36 S.W.3d 918, 919–20 (Tex. App.—Dallas 2001, pet.
denied) (affirming dismissal of employee’s worker’s compensation appeal for
want of jurisdiction when employee filed suit against his employer instead of
the employer’s insurance carrier).  And as in regular tort litigation, a
claimant under the worker’s compensation system must correctly name the
opposing party or parties in his district court litigation, and his time limit
for filing suit continues to run until such time as the proper parties are joined. 
See id. at 921 (citing Enserch Corp. v. Parker, 794 S.W.2d 2, 5
(Tex. 1990) (describing misidentification of parties)).

          “[A]n
entity is not a party to a lawsuit without being so named.”  Reynolds
v. Haws, 741 S.W.2d 582, 589 (Tex. App.—Fort Worth 1987, writ denied)
(citing S. Surety Co. v. Arter, 44 S.W.2d 913, 914–16 (Tex. Comm’n App.
1932, judgment adopted));[5] see also Werner v.
Colwell, 909 S.W.2d 866, 869–70 (Tex. 1995) (op. on reh’g) (“Judgment shall
not be rendered against one who was neither named nor served as a party
defendant.”).  Further, “a corporation’s registered agent is not the
corporation.”  Louis v. Disc. Tire Co. of Tex., Inc., 1 S.W.3d 698, 700
(Tex. App.—Amarillo 1999, no pet.) (stating that when a plaintiff sues a
corporation as an independent entity, the corporation—not the registered
agent—is the actual litigant sued).  And “[a] suit mistakenly filed against the
wrong defendant imposes no duty on the correct defendant to intervene and point
out plaintiff’s error.  Moreover, the rule applies even though the correct
defendant may have known of the suit.”  Matthews Trucking Co. v. Smith,
682 S.W.2d 237, 239 (Tex. 1984).  As noted above, Cook did not sue the
insurance company in the trial court.

          Further,
the applicable version of labor code section 410.252(a) sets out that Cook’s
filing deadline to seek judicial review of the appeals panel decision was “not
later than the 40th day after the date on which the decision of the appeals
panel was filed with the division.”  Act of May 12, 1993, 73rd Leg., R.S., ch.
269, § 1, 1993 Tex. Gen. Laws 987, 1209 (amended 2003, 2009) (current version
at Tex. Lab. Code Ann. § 410.252 (West 2006 & Supp. 2011)).[6] 
The filing deadline under section 410.252(a) is mandatory and jurisdictional,
and if the proper party is not named within the statutory time limit, the
employee’s suit should be dismissed.  See Johnson, 36 S.W.3d at
921 (noting that because the period to file in the trial court regarding the
appeals panel decision had run, appellant could not amend his suit to sue the
insurance carrier and maintain the district court’s jurisdiction); Roberts
v. Tarrant Cnty. Junior Coll., 842 S.W.2d 835, 836–37 (Tex. App.—Fort Worth
1992, writ denied) (affirming dismissal for want of jurisdiction when amended petition
suing proper party was not filed within mandatory statutory period).

          The
appeals panel decision was filed on May 15, 2009, giving Cook until June 24,
2009 to file suit against the insurance carrier.  See Act of May 12,
1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1209 (amended
2003, 2009).  Cook allegedly filed his original petition in the trial court
against Mountain and Greyhound Line Inc. on June 5, 2009, and he filed his
petition for writ of mandamus regarding these parties on August 7, 2009.  Because
Cook failed to sue the proper party—Ace American Insurance Company—within the
allotted time period under section 410.252(a), dismissal of his suit was proper. 
Our disposition here renders moot Cook’s issues, and we affirm the trial
court’s judgment.

 

 

PER CURIAM

 

PANEL: 
MCCOY, DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  January 12, 2012









[1]See Tex. R. App. P. 47.4.





[2]No original petition filed
to initiate the lawsuit is included in the record.





[3]Cook filed a petition for
writ of mandamus requesting the same relief in this court on November 19,
2009.  We denied the petition.  See In re Cook,
No. 02-09-00415-CV, 2009 WL 4547060, at *1 (Tex. App.—Fort Worth Dec. 1,
2009, orig. proceeding) (mem. op.).





[4]Cook acknowledged in his
mandamus petition that he originally filed his worker’s compensation claim with
the Division against Ace American Insurance Company.





[5]In Reynolds, a
zoning case involving an administrative hearing-appeal process, we held that
dismissal was proper because the board of adjustment was an indispensable party
and the petition naming the board of adjustment as a party was not timely
filed.  741 S.W.2d at 587–89.





[6]The 2003 amendments added
subsections (c) and (d) but did not change subsection (a).  See Act of
May 28, 2003, 78th Leg., R.S., ch. 663, § 1, 2003 Tex. Gen. Laws 2082, 2083
(amended 2009) (current version at Tex. Lab. Code Ann. § 410.252 (West 2006
& Supp. 2011)).  The 2009 amendment changed the time to file suit to “not
later than the 45th day after the date on which the division mailed the party
the decision of the appeals panel”; it states that the mailing date, for
purposes of this section, is considered to be the fifth day after the date the
appeals panel decision was filed with the division.  Tex. Lab. Code Ann. § 410.252(a)
(West 2006 & Supp. 2011).